

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

9-23-2009

# Michael J. Chomos v. T.R. Sniezek

Precedential or Non-Precedential: Non-Precedential

Docket No. 09-2633

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"Michael J. Chomos v. T.R. Sniezek" (2009). *2009 Decisions.* Paper 611.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/611

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

BLD-301                                                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 09-2633
_____

MICHAEL J. CHOMOS,
                                        Appellant

v.

WARDEN T.R. SNIEZEK

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 09-cv-00759)
District Judge: Honorable Christopher C. Conner

_____

Submitted for Possible Summary Action Pursuant to
Third Circuit LAR 27.4 and I.O.P. 10.6(a)
August 27, 2009

Before: MCKEE, FISHER and CHAGARES, Circuit Judges

(Opinion filed: September 23, 2009 )

_____

OPINION
_____

PER CURIAM

    Appellant Michael Chomos, a pro se prisoner, appeals from the District Court's

denial of his petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.  For the

reasons set forth below, we will summarily affirm.  See I.O.P. 10.6.

## I.

In February 2008, Chomos was named in a four count indictment in the United States District Court for the Northern District of Ohio.  In July 2008, after entering pleading guilty to count four of the indictment, Chomos was sentenced to a term of twenty-four months of imprisonment, followed by a twenty-four months of supervised release.  In March 2009, Chomos filed a "motion for early release" in the District Court in which he was sentenced.

While that motion was still pending, in April 2009, Chomos filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 in the United States District Court for the Middle District of Pennsylvania – the District of his confinement.[1]   After reviewing the motion, in which Chomos argued primarily that his due process rights had been violated when he entered his guilty plea, the District Court dismissed Chomos' habeas petition for lack of jurisdiction.

## II.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291.  We exercise plenary review over the District Court's legal conclusions and apply a clearly erroneous standard to its factual findings.  See Cradle v. United States ex rel. Miner, 290 F.3d 536, 538 (3d Cir. 2002).  Upon review, we agree with the District Court that Chomos may

---

[1]Chomos is presently confined at FPC-Schuykill.

raise his claims only in a motion pursuant to 28 U.S.C. § 2255.

Challenges to the legality of federal convictions or sentences that are allegedly in violation of the Constitution may generally be brought in the district of sentencing pursuant to 28 U.S.C. § 2255. See Davis v. United States, 417 U.S. 333, 343-44 (1974). Further, constitutional claims may not be raised in a § 2241 petition except in unusual situations, where the remedy by motion under § 2255 would be inadequate or ineffective. See In re Dorsainvil, 119 F.3d 245, 251-52 (3d Cir. 1997). We agree with the District Court that Chomos has not demonstrated that a § 2255 motion provides inadequate or ineffective means to raise his constitutional claims. Id.

As Chomos' appeal presents no substantial question, we will summarily affirm. See Third Cir. LAR 27.4; I.O.P. 10.6. Chomos' "Motion for Rule 23(b)(3) Release Pending Review of Decision" is also denied.